**WO**                                                                                                          SC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Curtis L. Block, | No. CV 11-2068-PHX-GMS (MHB) |
| Plaintiff, | **ORDER** |
| vs. | |
| Susan L. Luder, et al., | |
| Defendants. | |

Plaintiff Curtis L. Block, who is confined in the Fourth Avenue Jail in Phoenix, Arizona, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983, an Application to Proceed *In Forma Pauperis*, and a motion to supplement. (Doc. 1, 2, 7.) The Court will grant the motion to supplement.[1] As supplemented, the Court will dismiss the Complaint and this action without leave to amend.

**I.     Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). The statutory fee will be collected monthly in payments of 20% of the previous month's income each time

---

[1] Rule 15(d) of the Federal Rules of Civil Procedure provides in relevant part that, "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." In this case, Plaintiff seeks to supplement his Complaint with copies of the denial of his notice of claim, a bar complaint filed against one of the Defendants, and copies of documents from his criminal case.

the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

## II.     Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards

than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*)).

If the Court determines that a pleading *could be* cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court will dismiss Plaintiff's Complaint for failure to state a claim without leave to amend because the deficiencies cannot be cured by amendment.

**III.   Complaint**

Plaintiff alleges three counts for violation of Due Process, malicious prosecution, and slander. Plaintiff sues the Maricopa County Attorney's Office and two Deputy Maricopa County Attorneys, Susan L. Luder and Paul Kittredge. Plaintiff seeks compensatory relief.

*Background*

On June 21, 2011, a direct criminal complaint was filed against Plaintiff in Maricopa County Superior Court, case# CR2011-131297.[2] On June 28, 2011, Plaintiff was indicted by the grand jury for possession of burglary tools and third degree burglary.[3] Defendant Paul Kittredge has appeared on behalf of the Maricopa County Attorney in the case.[4] On July 20, 2011, Plaintiff was arraigned.[5] On September 11, 2011, the state court denied Plaintiff's motion to remand to the grand jury.[6] On November 21, 2011, the state court denied his

---

[2] See http://www.superiorcourt.maricopa.gov/docket/CriminalCourtCases/caseInfo.asp?caseNumber=CR2011-131297 (last visited Dec. 6, 2011).

[3] Id., n.1.

[4] See http://www.courtminutes.maricopa.gov/docs/Criminal/092011/m4879206.pdf;

[5] See http://www.superiorcourt.maricopa.gov/docket/CriminalCourtCases/caseInfo.asp?caseNumber=CR2011-131297 (last visited Dec. 6, 2011).

[6] See http://www.courtminutes.maricopa.gov/docs/Criminal/092011/m4891814.pdf (last visited Dec. 6, 2011).

- 3 -

1  motion to dismiss due to the alleged failure to hold a preliminary hearing.[7] Trial commenced
2  on December 5, 2011 with an anticipated length of three days.

**IV.    Failure to State a Claim**

To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right. Wood v. Ostrander, 879 F.2d 583, 587 (9th Cir. 1989). In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

**A.    Maricopa County Attorney's Office**

Plaintiff sues the Maricopa County Attorney's Office. A county attorney is an officer for his respective county. See §§ 11-401(A)(5), 11-409; 11-419; 11-531, 11-532. The office of a county attorney is simply an administrative creation of the county attorney and is not a "person" for purposes of § 1983. Accordingly, the Maricopa County Attorney's Office will be dismissed as an improper Defendant and Count II, which is only alleged against the Office, will be dismissed..

**B.    Kittredge and Luder**

Plaintiff sues Deputy County Attorney Kittredge and Luder. Plaintiff alleges that Luder signed the direct criminal complaint absent probable cause to believe that he had committed a crime where a witness was unable to identify Plaintiff as the perpetrator and was unwilling to testify. He further contends that Luder presented the case to the grand jury without informing it of the witness's inability to identify Plaintiff as the perpetrator. Plaintiff contends that Kittredge is "part of an ongoing malicious prosecution" despite his alleged knowledge of violations of Plaintiff's constitutional rights and standards of the America Bar Association for prosecutors. Plaintiff also contends that Kittredge slandered his character

---

[7] See http://www.courtminutes.maricopa.gov/docs/Criminal/112011/m4998100.pdf (last visited Dec. 6, 2011).

- 4 -

1 in court by describing Plaintiff as a dangerous individual in opposition to Plaintiff's motion
2 for release. Plaintiff claims there are no records to support Kittredge's statements. Plaintiff's
3 claims against Luder and Kittredge will be dismissed based on absolute prosecutorial
4 immunity.

5       A prosecutor is absolutely immune from liability under § 1983 for conduct in
6 "initiating a prosecution and in presenting the State's case" insofar as that conduct is
7 "intimately associated with the judicial phase of the criminal process." Buckley v.
8 Fitzsimmons, 509 U.S. 259, 270 (1993) (citing Imbler v. Pachtman, 424 U.S. 409, 430
9 (1976)); Burns v. Reed, 500 U.S. 478, 486 (1991) (quoting Imbler, 424 U.S. at 430-431);
10 Ashelman v. Pope, 793 F.2d 1072, 1076 (9th Cir. 1986). That is, "[a] prosecutor is protected
11 by absolute immunity from liability for damages under § 1983 'when performing the
12 traditional functions of an advocate.'" Genzler v. Longanbach, 410 F.3d 630, 636 (9th Cir.
13 2005) (quoting Kalina v. Fletcher, 522 U.S. 118, 131 (1997)). Absolute immunity extends
14 to a prosecutor "eliciting false or defamatory testimony from witnesses" or for making false
15 or defamatory statements during, and related to judicial proceedings. Buckley, 509 U.S. at
16 270 (citations omitted). "However, 'the actions a prosecutor are not absolutely immune
17 merely because they are performed by a prosecutor.'" Genzler, 410 F.3d at 636 (quoting
18 Buckley, 509 U.S. at 273). Rather, prosecutorial immunity depends on "'the nature of the
19 function performed, not the identity of the actor who performed it.'" Id. (quoting Kalina, 522
20 U.S. at 127). A prosecutor is only entitled to qualified immunity, rather than absolute
21 immunity, when he performs administrative or investigative functions. Id.

22       In this case, Plaintiff only seeks relief against Luder and Kittredge for acts taken when
23 they each performed the traditional functions of advocate. That is, Plaintiff only seeks relief
24 against these deputy prosecutors for acts taken in connection with criminal proceedings
25 against him. For that reason, these Defendants are entitled prosecutorial immunity.
26 Accordingly, these Defendants, and Plaintiff's allegations against them, will be dismissed.

27       **C.     Counts I and II**
28       In Counts I and II, Plaintiff asserts a violation of his Due Process rights. and/or

malicious prosecution. In Count I, he alleges that a preliminary hearing was vacated upon the filing of a notice of indictment by the grand jury. In Count II, he alleges that criminal charges were dismissed and then refiled to avoid a preliminary hearing.

Under the Fourth Amendment, there must be a "reasonably prompt" judicial determination of probable cause following a warrantless arrest "as a prerequisite to extended restraint on liberty following arrest." Gerstein v. Pugh, 420 U.S. 103, 114 (1975). A probable cause determination pursuant to Gerstein must be made by a neutral magistrate, but an adversary hearing is not required. Id. However, the Constitution does not require a preliminary hearing if an indictment has been returned by the grand jury. Id. at 119 ("[W]e do not imply that the accused is entitled to judicial oversight or review of the decision to prosecute. Instead, we adhere to the Court's prior holding that a judicial hearing is not prerequisite to prosecution by information.' Lem Woon v. Oregon[, 229 U.S. 586, 589-90 (1913)])."

Plaintiff implies, and records available on-line reflect, that Plaintiff was indicted by a grand jury. That is constitutionally sufficient to establish probable cause.[8] Neither dismissal without prejudice and refiling of charges, nor seeking an indictment, rather than holding a preliminary hearing, violate the Constitution. To the extent that Plaintiff believes that he was denied Due Process in connection with his criminal proceedings, that is a matter to be presented to the state court in the first instance.

Plaintiff also asserts claims for malicious prosecution. To state a claim for malicious prosecution, a plaintiff must allege facts to support that a defendant prosecuted him with malice and without probable cause for the purpose of denying equal protection or another specific constitutional right. Awabdy v. City of Adelanto, 368 F.3d 1062, 1068 (9th Cir. 2004) (citing Freeman v. City of Santa Ana, 68 F.3d 1180, 1189 (9th Cir. 1995)). However,

---

[8] As explained by the Arizona Court of Appeals, "The purpose of a preliminary hearing is to determine whether the prosecution's case establishes probable cause" for a *prosecution*. Segura v. Cunanan, 219 P.3d 228, 234 (Ariz. App. 2008). Alternatively, the prosecution may establish probable cause for a *prosecution* by obtaining a grand jury indictment. Id.

as discussed above absolute prosecutorial immunity bars a claim for malicious prosecution taken by a prosecutor in his role as an advocate, as opposed to an administrative or investigatory role. See Genzler, 410 F.3d at 636; accord Ohman v. County of Orange, No. 10-55231, 2011 WL 5970667, at *1 (9th Cir. Nov. 30, 2011). In addition, an individual bringing a malicious prosecution claim must also establish that the prosecution terminated in his favor. See Heck v. Humphrey, 512 U.S. 477, 484-85 (1994); Awabdy, 368 F.3d at1068; Braunstein v. United States Postal Serv., No. 05-16390, 2007 WL 1112620, at *1 (9th Cir. Apr. 12, 2007).

Plaintiff only sues Luder and Kittredge for conduct as advocates. As such, these Defendants are entitled to absolute prosecutorial immunity, which bars a claim for malicious prosecution against them. Moreover, Plaintiff does not allege that the criminal prosecution has terminated in his favor or, for that matter, that the charges were brought for the purpose of denying him Equal Protection or another federal right. For these reasons, Plaintiff fails to state a claim for malicious prosecution.

**V.     Dismissal Without Leave to Amend**

Because Plaintiff has failed to state a claim or to allege facts that could plausibly give rise to a claim for violation of his federal rights in his Complaint against any Defendant, the Complaint will be dismissed without leave to amend. As discussed herein, the Maricopa County Attorney's Office is not a person that may be sued under § 1983. Further, Defendants Luder and Kittredge are entitled to absolute prosecutorial immunity in connection with Plaintiff's criminal proceedings in court. Accordingly, the Complaint and this action will be dismissed without leave to amend.

**VI.    Warnings**

    **A.     Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

### B. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### C. Copies

Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D. Possible "Strike"

Because the Complaint has been dismissed for failure to state a claim without leave to amend, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis* is **granted**. (Doc. 2.)

(2) As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

(3) Plaintiff's motion to supplement is **granted**. (Doc. 7.)

(4) The Complaint is **dismissed** for failure to state a claim without leave to amend. (Doc. 1.)

(5) The Clerk of Court must enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

(6) The docket shall reflect that the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), that any appeal of this decision would not be taken in good faith.

DATED this 6th day of December, 2011.

*A. Murray Snow*
/G. Murray Snow
United States District Judge